IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ROSA ALBA SUATUNCE SILLO and ANTHONY LEONARDO FARINANGO SUATUNCE, A# 240 420 916 and A# 240 420 917 | § § § § § | |
| *Petitioners*, | § § | |
| VS. | § § | CIVIL ACTION NO. SA-26-CV-225-FB |
| MIGUEL VERGARA, in His Official Capacity as Field Office Director of Enforcement and Removal Operations, San Antonio Field Office, Immigration and Customs Enforcement; WARDEN of Dilley Immigration Processing Center; TODD M. LYONS, in His Official Capacity as Acting Director, Immigration and Customs Enforcement, U.S. Department of Homeland Security; KRISTI NOEM, in Her Official Capacity as Secretary, U.S. Department of Homeland Security; and PAMELA JO BONDI, in Her Official Capacity as Attorney General of the United States, | § § § § § § § § § § § § § § § § | |
| *Respondents*. | § § | |

### **ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Before the Court are the Verified Joint Petition for Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief filed by Petitioners Rosa Alba Suatunce Sillo and Anthony Leonardo Farinango Suatunce on January 16, 2026 (ECF No. 1); and the Federal Respondents' Abbreviated Response to Habeas Petition and Request to Proceed Without Oral Argument filed on January 28, 2026 (ECF No. 5).

### **DISCUSSION**

Respondents have submitted their Abbreviated Response to preserve the legal issues and to conserve judicial and party resources. They acknowledge that this Court's prior rulings concerning

similar challenges to the government policy or practice at issue in this case, and the common question of law between this case and those rulings, would control the result in this case should this Court follow its legal reasoning in its prior decisions. After reviewing the briefing, provided evidence, and applicable law, the Court will grant the Petition for the same reasons stated in the prior relevant decisions identified in the Abbreviated Response. While Respondents respectfully disagree with those decisions, the factual and legal issues presented in this case do not differ in any material fashion from those presented in the identified decisions. As requested by Respondents, the Court hereby incorporates the filings in those cases into the record in this case.

Therefore, for reasons previously stated in other cases, the Court finds as follows: (1) it has jurisdiction to consider the arguments presented in the instant habeas petition; (2) Respondents have violated provisions of the Immigration and Nationality Act; (3) Petitioner cannot be detained under 8 U.S.C. § 1225(b); (4) fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 are not available in habeas corpus proceedings like this one; and (5) *Maldonado Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM (C.D. Cal. 2025) does not preclude granting habeas relief in this case at this time. The Court treats the instant action solely as a habeas action under 28 U.S.C. § 2241 and declines to consider any constitutional or other challenge presented. Under the facts and circumstances of this case, this Court concludes Petitioner's detention is unlawful, and habeas relief is proper.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that the Verified Joint Petition for Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief (ECF No. 1) is **GRANTED** such that:

1.  Respondents are **DIRECTED** to **RELEASE** Petitioners Rosa Alba Suatunce Sillo (A# 240 420 916) and Anthony Leonardo Farinango Suatunce (A# 240 420 917) from custody,

    under appropriate conditions of release no more restrictive than those in place prior to the detention at issue in this case, to a public place **as soon as practicable, but in no event later than Tuesday, February 3, 2026**.

2. Respondents must **NOTIFY** Petitioners' counsel, David Lee Wilson, by email [dwilson@wilsonlg.com], or by an in-person telephone conference [(612) 436-7100] (a voicemail does not comply with this order) of the exact location and time of Petitioners' release as soon as practicable and at least two hours before their release.

3. If Petitioners are re-detained pursuant to 8 U.S.C. § 1226, all applicable procedures must be followed, including that they be afforded a bond hearing.

4. The Respondents shall **FILE** a Status Report no later than **February 4, 2026**, confirming that Petitioners have been released under conditions of release no more restrictive than those in place prior to the detention at issue in this case.

5. Petitioners' request for an award of reasonable attorney's fees and costs pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, is DENIED.

6. Motions pending, if any, are DISMISSED AS MOOT, and the Clerk is DIRECTED to CLOSE this case. A final judgment will issue separately.

It is so ORDERED.

SIGNED this 29th day of January, 2026.

_____
FRED BIERY
UNITED STATES DISTRICT JUDGE